**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-CV-00180 (JCH) |
| v. | : | |
| | : | |
| DUKE ESSIAM, et al., | : | JUNE 16, 2015 |
|     Defendants. | : | |

**RULING RE: DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 13 & 19)**

**I.   INTRODUCTION**

On February 10, 2015, plaintiff Allstate Insurance Company ("Allstate") brought this action against Duke Essiam ("Essiam"), Brigetanian O. Koranteng ("Koranteng"), Debra A. Evans, as administrator of the estate of La'Andrew Evans-Swain ("Evans-Swain"), Robert Swain, Jr., as administrator of the estate of Robert Swain III ("Swain"), and Henry Le ("Le").  Allstate seeks a declaratory judgment stating that it has no duty to defend or indemnify Essiam and Koranteng in connection with lawsuits brought by Swain and Evans-Swain; no duty to defend or indemnify Essiam in connection with an apportionment action brought by Vincente Placeres, Jr. in connection with the lawsuit brought by Evans-Swain, all of which are currently pending in Connecticut Superior Court; and, no duty to defend or indemnify Essiam and Koranteng in connection with an as-of-yet unfiled claim belonging to Le.

Defendants Swain and Evans-Swain have moved the court to decline to exercise jurisdiction over this action pursuant to 28 U.S.C. § 2201. For the following reasons, the Motion is denied.

1

## II.   BACKGROUND

The underlying state court actions arose from an alleged automobile accident in which Swain and Evans-Swain, who were passengers in a car driven by Eric Watson ("Watson"), were fatally injured in the early morning of July 14, 2013, after Watson lost control of the vehicle, causing it to collide with a telephone pole and a tree.  Compl. Ex. B, Count 7 ¶¶ 6-7; Compl. Ex. C, Count 1 ¶¶ 11, 18-19.  Swain and Evans-Swain allege that earlier that morning and on the prior evening, Watson, who was a minor at the time, was a guest at a party given at the home of Essiam and Koranteng, during which party Watson became legally intoxicated after consuming alcohol Essiam and Koranteng either provided or permitted to be provided to him.  Compl. Ex. B, Count 7 ¶¶ 13-15, 17-18; Compl. Ex. B, Count 8 ¶¶ 17-18; Compl. Ex. C, Count 1 ¶ 4.  They further allege that Watson drove both to and from the party at the Essiam-Koranteng residence, and he remained intoxicated at the time of the car crash.  Compl. Ex. B, Count 7 ¶¶ 16, 18-19; Compl. Ex. C, Count 1 ¶¶ 11, 19.  Lastly, Swain's and Evans-Swain's Complaints assert claims for negligence against Essiam and Koranteng, insofar as they, <u>inter alia</u>, provided or allowed alcohol to be provided to Watson, despite the fact that Watson was a minor and despite the fact that they knew he would be driving upon leaving the party.  Compl. Ex. B, Count 7 ¶¶ 16-17, 20; Compl. Ex. B, Count 8 ¶¶ 16-17, 20; Compl. Ex. C, Count 1 ¶ 19; Compl. Ex. C, Count 2 ¶ 19.

Koranteng has a deluxe homeowner's insurance policy issued by Allstate ("the Policy").  Compl. Ex. A Part 1.  The Policy does not cover bodily injury or property damage arising out of, <u>inter alia</u>, the ownership, use, or occupancy of a motor vehicle or bodily injury arising out of an insured party's negligent supervision of another.  Compl.

Ex. A Part 2, at 21-24.  Allstate argues that it bears no duty to defend or indemnify Koranteng and Essiam because of these exclusions and because the conduct alleged in the Swain and Evans-Swain actions does not constitute an "occurrence" as defined by the Policy.  Compl. ¶¶ 74, 80.

### III. LEGAL STANDARD

The Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Id.  The Act "created an opportunity, rather than a duty, to grant a new form of relief," Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995), and afforded district courts "unique and substantial discretion in deciding whether to declare the rights of litigants."  Id. at 286.  The Second Circuit has articulated five factors to guide a court's exercise of this discretion: (1) "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; (2) "whether a judgment would finalize the controversy and offer relief from uncertainty"; (3) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata' "; (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; and (5) "whether there is a better or more effective remedy."  Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359-60 (2d Cir. 2003).

### IV. DISCUSSION

The Dow Jones factors militate in favor of retaining jurisdiction.

A declaratory judgment determining whether Allstate is required to defend or indemnify Essiam and Koranteng in the state court actions surely clarifies and settles this specific legal issue and provides Allstate, Essiam and Koranteng, and Swain and Evans-Swain, the plaintiffs in the underlying suit, relief from uncertainty. "Indeed, courts in this Circuit routinely find that declaratory judgments with respect to an insurer's duty to defend and indemnify serve such a useful purpose and provide relief from uncertainty." Allstate Ins. Co. v. Martinez, Civil Action No. 3:11CV574(VLB), 2012 WL 1379666, at *10 (D. Conn. Apr. 20, 2012) (citing additional support); see also Sikorsky Aircraft Corp. v. Lloyds TSB Gen. Leasing (No. 20) Ltd., 774 F.Supp.2d 431, 448-49 (D. Conn. 2011).

> In the world of liability insurance, for example, litigation between a purported insured and its insurer frequently begins with . . . an application by the insurer for a declaration of non-coverage and freedom from obligation to the insured (who would then turn out to be the *not* insured). Judicial resolution of that threshold issue at that early stage is highly useful and beneficial to all interests concerned, including the third party who sues on an injury claim against the insured, previously threatened or not, and wonders if funds will be available to satisfy a judgment if obtained.

Id. (emphasis in the original).

In arguing that these two factors do not militate in favor of the court's retention of jurisdiction, Swain and Evans-Swain confuse and conflate various issues. For example, Swain argues that a declaratory judgment on Allstate's duty to defend or indemnify

4

would not provide any clarity on the merits of the underlying state court negligence actions.  See Swain Mem. in Supp. of Mot. to Dismiss (Doc. No. 13) at 7 [hereinafter Swain Mem. in Supp.].  This may be true, but it is beside the point.  The first two Dow Jones factors ask whether a declaratory judgment would provide clarity and finality with regard to the issues before the federal court, not the issues before the state court.  For example, in Middlesex v. Mara, 699 F.Supp.2d 439 (D. Conn. 2010), a case whose facts are functionally identical to those in this case, the court spoke of the first two Dow Jones factors without reference to the issues at bar in the underlying case.

> In the instant case, there is a clearly defined controversy between the parties as to whether the plaintiff insurer must defend Mara in the underlying action. Middlesex is currently defending Mara under a reservation of rights, basically under protest. Declaratory judgment would thus provide the parties with specific, conclusive relief in resolving whether Middlesex has a duty to defend.

Id. at 444.

Alternatively, Evans-Swain argues that "[s]ince a majority of the allegations within the [C]omplaint are framed in language of negligence, Allstate will most certainly be required to continue a defense under the terms of it's [sic] policy thus not providing any finality to the controversy."  Evans-Swain Mem. in Supp. of Mot. to Dismiss (Doc. No. 19) at 8 [hereinafter Evans-Swain Mem. in Supp.] (emphasis in the original).  Even if Evans-Swain correctly predicts that Allstate will be found to bear a duty to defend and indemnify, he conflates the two controversies – the controversy over whether Allstate has a duty to defend and indemnify, and the controversy over whether Essiam and

5

Koranteng were negligent in the underlying suit.  As discussed above, determining whether Allstate has a duty to defend and indemnify will provide finality to the only controversy that is currently before this court.

Lastly, Evans-Swain argues that a declaratory judgment will not offer clarity or settle the indemnification issue because that issue, unlike the duty to defend issue, "is not simply dependent on policy language analysis but must also involve multiple factual issues regarding the actions of the parties on the date of the incident in question," which are better dealt with in the currently pending state court proceedings.  Evans-Swain Mem. in Supp. at 7-8.  He may be correct.  It may be that a decision on the indemnification issue before this court will await a determination of facts in the state court action.  However, the possibility of such a delay does not mean that this court cannot clarify the rights between the parties before the court with regard to the issues before the court – namely, whether Allstate has a duty to defend and indemnify.

As for the third Dow Jones factor, Evans-Swain provides no precedential support for his assertion that Allstate's ongoing defense of Essiam and Koranteng in the state court proceedings – which Allstate has provided under reservation – creates a presumption that Allstate is engaging in procedural fencing by seeking a declaratory judgment in this court. See Evans-Swain Mem. in Supp. at 9.  Rather, neither will Allstate likely receive any substantive advantage by seeking declaratory judgment in federal court since Connecticut law will still apply, see Mount Vernon Fire Ins. Co. v. Linarte, Civil Action No. 3:09-cv-00442(VLB), 2010 WL 908939, at *3, nor should federal courts be eager to deny plaintiffs their "statutorily granted right to forum selection," id.  Further, given that Allstate is not a party to the underlying state court actions, it "can

6

hardly be accused of racing to res judicata on a claim that will not be addressed by the state court." Kemper Independence Ins. Co. v. Tarzia, Civil Action No: 3:11-cv-00294(JCH), 2011 WL 4345048, at *2 (D. Conn. Sept. 15, 2011) (internal quotation marks and alterations omitted).

As for the fourth Dow Jones factor, retaining jurisdiction will not improperly increase friction with or encroach upon the domain of the state court. Evans-Swain may be correct in arguing that there might be some overlap in the factual inquiries in which this court will engage when determining the indemnification, or coverage, question and the factual inquiries in which the state court will engage when determining negligence liability. See Evans-Swain Mem. in Supp. at 9-10. However, such overlap is not the type of friction or encroachment that is contemplated by Dow Jones, or prior Supreme Court precedent. The Supreme Court has admonished federal courts to avoid the "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation" that would result were the federal court to "proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). In this case, the state court suits and this suit do not contain the same parties, nor can the claims in this suit be adjudicated in the state court proceedings, for the simple reason that Allstate is not a party to the state court proceedings and the duty to defend and indemnify issues are not before the state court. See Mara, 699 F.Supp.2d at 444 ("[T]he issue of coverage under the homeowner's policy may not be properly litigated in the underlying action because Middlesex is not a named party in that suit."). Lastly, encroachment is especially unlikely here because

7

this case "does not involve novel or complex state law issues that are better left to the state courts to decide," but rather centers on "a question of contract interpretation that is well within the competency of this Court." Linarte, 2010 WL 908939, at *4.

The court rejects in its entirety Evans-Swain's argument that the proceeding before this court is essentially a "parallel proceeding" to the underlying state court proceeding and that Allstate is an "indirect participant" in the state court actions.  See Evans-Swain Reply Mem. to Pl's Mem. of Law in Opp'n to Mot. to Dismiss (Doc. No. 27) [hereinafter Evans-Swain Reply].  "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997). None of those conditions is met here. There is no identity of parties because Allstate is not a party to the state suits; the issues are not the same because the duty to defend and indemnify issue is not before the state court; and, the relief sought is not the same since the relief sought in state court is damages, whereas the relief sought here is a declaratory judgment.  It is clear this case is not a "parallel proceeding" as defined by the Second Circuit.  Given the clarity of the Second Circuit's definition of "parallel proceeding," and the bevy of other case law within the circuit that follows this approach, Evans-Swain's reliance on a lone 9th Circuit case and a lone case from the District of Rhode Island is particularly unavailing.  See Evans-Swain Reply at 2-4.

Finally, although Swain and Evans-Swain are correct that Allstate could have sought declaratory judgment on the duty to defend and indemnify issue in state court under Connecticut General Statutes § 52-29, see Swain Mem. in Supp. at 6; Evans-

Swain Mem. in Supp. at 9, the fifth <u>Dow Jones</u> factor requires a <u>better</u> alternative remedy. A Connecticut state court action is not a better alternative to this action – it is just an alternative. "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57; <u>see also</u> <u>Martinez</u>, 2012 WL 1379666, at * 9.

## V.   CONCLUSION

For the foregoing reasons, the defendants' Motions to Dismiss (Doc. Nos. 13 & 19) is **denied.**

**SO ORDERED**.

Dated at New Haven, Connecticut this 16th day of June 2015.

/s/ Janet C. Hall<br>
Janet C. Hall<br>
United States District Judge