**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-CV-00180 (JCH) |
| v. | : | |
| | : | |
| DUKE ESSIAM, et al., | : | MAY 27, 2016 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 42); DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 45, 52); MOTION TO JOIN CO-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 51)**

**I.    INTRODUCTION**

Plaintiff Allstate Insurance Company ("Allstate") filed suit against Duke Essiam ("Essiam"), Brigetanian O. Koranteng ("Koranteng"), Debra A. Evans, as administrator of the Estate of La'Andrew Evans-Swain ("Evans-Swain"), and Robert Swain, Jr., as administrator of the Estate of Robert Swain III ("Swain").  Allstate seeks a declaratory judgment stating that it has no duty to defend or indemnify Essiam and Koranteng in connection with lawsuits brought by Swain and Evans-Swain in state court.

Allstate has moved for summary judgment.  See Motion for Summary Judgment (Doc. No. 42).  Evans-Swain has also moved for summary judgment.  See Defendant, Debra A. Evans, Administrator of the Estate of La'Andrew Evans-Swain Motion for Summary Judgment (Doc. No. 45).  Essiam and Koranteng have jointly moved for summary judgment.  See Defendants Duke Essiam and Brigetanian O. Koranteng's Motion for Summary Judgment (Doc. No. 52).  Lastly, Essiam and Koranteng have jointly moved to join Evans-Swain's Motion for Summary Judgment.  See Defendants

1

Duke Essiam and Brigetanian O. Koranteng's Motion to Join Co-Defendant's Motion for Summary Judgment (Doc. No. 51).

## II.  FACTUAL BACKGROUND[1]

The underlying state court actions arose from an automobile crash in which Swain and Evans-Swain, who were passengers in a car driven by Eric Watson ("Watson"), were fatally injured in the early morning of July 14, 2013, after Watson lost control of the vehicle.  See Allstate's L.R. 56(a)(1) Stmt. ¶¶ 1-3, 18, 25-28.  Swain and Evans-Swain allege that, earlier that morning and on the prior evening, Watson, who was a minor at the time, was a guest at a party given at the Essiam / Koranteng home, during which party Watson became legally intoxicated after consuming alcohol Essiam and Koranteng either provided or permitted to be provided to him.  See id. ¶¶ 5-8, 12-13, 15-16, 20-22.  They further allege that Watson drove both to and from the party at the Essiam / Koranteng residence, and he remained intoxicated at the time of the car crash.  See id.  ¶¶ 7, 9, 14, 16, 25.  Based on the foregoing, Swain's and Evans-Swain's Complaints assert claims for negligence against Essiam and Koranteng, insofar as they, inter alia, provided or allowed alcohol to be provided to Watson, despite the fact that

---

[1] In connection with a motion for summary judgment, the court relies on the undisputed facts or, if a fact is disputed, the court views the evidence in the light most favorable to the party opposing summary judgment.  In this case, the defendants do not dispute any of the facts asserted by Allstate.  Compare Rule 56(a)(1) Statement (Doc. No. 42-2) ("Allstate's L.R. 56(a)(1) Stmt.") with Defendants Duke Essiam and Brigetanian O. Koranteng's Rule 56(a)(2) Statement (Doc. No. 60-2) ("Essiam/Koranteng's L.R. 56(a)(2) Stmt."); Local Rule 56(a)(2) Statement (Doc. No. 63-2) ("Swain's L.R. 56(a)(2) Stmt.").  Except for one fact, Allstate also does not dispute any of the facts asserted by the defendants in connection with their Motions for Summary Judgment.  Compare Defendant's Local Rule 56(a)(1) Statement of Undisputed Facts (Doc. No. 45-3) ("Evans-Swain's L.R. 56(a)(1) Stmt.") and Defendants Duke Essiam and Brigetanian O. Koranteng's Rule 56(a)(1) Statement (Doc. No. 52-2) ("Essiam/Koranteng's L.R. 56(a)(1) Stmt.") with Local Rule 56(a)(2) Statement (Doc. No. 53-12) ("Allstate's Evans-Swain L.R. 56(a)(2) Stmt.") and Local Rule 56(a)(2) Statement (Doc. No. 54-10) ("Allstate's Essiam/Koranteng L.R. 56(a)(2) Stmt.").

Watson was a minor and despite the fact that they knew he would be driving upon leaving the party.  See id. ¶¶ 10, 15, 17, 28-29.

Koranteng has a deluxe homeowner's insurance policy issued by Allstate ("the Policy").  Id. ¶ 34.  The Policy contains the following exclusion:

> We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer.

Id. ¶ 36.

### III.   LEGAL STANDARD

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 256, and present such evidence as would allow a jury to find in his favor, see Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record to address questions of fact, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  Graham, 230 F.3d at 38.  Summary judgment "is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question"

raised, on the basis of the evidence presented, the question must be left to the finder of fact.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## IV.   DISCUSSION

"An insurer's duty to defend is triggered if at least one allegation of the complaint falls even possibly within the coverage."  Travelers Cas. and Sur. Co. of America v. Netherlands Ins. Co., 312 Conn. 714, 739 (Conn. 2014) (internal quotation marks omitted).  However, an insurer has no duty to defend if it can "establish that there is no genuine issue of material fact either that no allegation of the underlying complaint falls even possibly within the scope of the insuring agreement or, even if it might, that any claim based on such an allegation is excluded from coverage under an applicable policy exclusion."  New London Cty. Mut. Ins. Co. v. Bialobrodec, 137 Conn.App. 474, 479 (Conn. App. Ct. 2012) (internal quotation marks omitted).

Connecticut law applies to the interpretation of insurance contacts.

> Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction.  The determinative question is the intent of the parties, that is, what coverage the insured expected to receive and what the insurer was to provide, as disclosed by the provisions of the policy.  If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning.  However, when the words of an insurance contract are, without violence, susceptible of two equally reasonable interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted.  This rule of construction favorable to the insured extends to exclusion clauses.

Allstate Ins. Co. v. Barron, 269 Conn. 394, 406 (Conn. 2004).

Allstate argues that the Policy's motor vehicle exclusion "precludes Allstate's duty to defend and/or indemnify Essiam and Koranteng for the claims alleged" in the

4

underlying state court actions.  Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment at 14 (Doc. No. 42-1) ("Pl.'s Mem. in Supp.").  The defendants argue that the language of the motor vehicle exclusion is ambiguous and, as such, the interpretation that sustains coverage controls.  See Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at 4-9 (Doc. No. 60) ("Essiam/Koranteng's Mem. in Opp'n"); Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at 11-15 (Doc. No. 63-1) ("Swain's Mem. in Opp'n").  The motor vehicle exclusion is ambiguous, the defendants argue, because it "fails to identify whether the motor vehicle exclusion applies to a motor vehicle owned by the insured, or a motor vehicle owned by any individual."  Swain's Mem. in Opp'n at 12 (emphasis in the original); see also Essiam/Koranteng's Mem. in Opp'n at 5.

Contrary to the defendants' contentions, the motor vehicle exclusion is not ambiguous.  See Allstate Ins. Co. v. Martinez, Civil Action No. 3:11cv574 (VLB), 2012 WL 6115094, at *7 (D. Conn. Dec. 10, 2012) (finding, under functionally identical factual circumstances, that, "the relevant terms of the policy [i.e. the motor vehicle exclusion] clearly and unambiguously exclude from coverage any liability arising out of the use of any motor vehicle").[2]  The motor vehicle exclusion reads as follows: "We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer."  The exclusion clearly applies to "any motor vehicle or trailer."  The word "any" is

---

[2] The defendants have not cited, nor is the court aware of, any binding authority in which the motor vehicle exclusion has been deemed ambiguous or interpreted to apply only to motor vehicles owned or controlled by the insured.  Although Connecticut courts have, on a number of occasions, had cause to interpret the same motor vehicle exclusion that is at issue in this case, in none of those cases was the court presented with the precise issue that is presented here, i.e. whether the motor vehicle exclusion's use of the word "any" is ambiguous or whether the exclusion applies to a vehicle that is not owned or controlled by the insured.

not ambiguous. According to Merriam-Webster, "any" is defined as: "one or some indiscriminately of whatever kind." Merriam-Webster, http://www.merriam-webster.com/dictionary/any (last visited May 13, 2016). Thus, when the motor vehicle exclusion refers to "any motor vehicle" it is referring to an indiscriminate motor vehicle of whatever kind. This means the motor vehicle exclusion applies to any car whatsoever, regardless of the motor vehicle owner's identity or relationship with the insured.

Having determined that the motor vehicle exclusion is not ambiguous, the question squarely before the court is whether it applies to the facts at bar here. Interpreting a very similar exclusion in another insurance policy, the Connecticut Supreme Court has stated that:

> it is generally understood that for liability for an accident or an injury to be said to 'arise out of' the 'use' of an automobile for the purpose of determining coverage under the appropriate provisions of a liability insurance policy, it is sufficient to show only that the accident or injury 'was connected with,' 'had its origins in,' 'grew out of,' 'flowed from,' or 'was incident to' the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile.

Hogle v. Hogle, 167 Conn. 572, 577 (Conn. 1975). There is no question that the bodily injuries that were suffered in the underlying state case – the deaths of Swain and Evans-Swain – arose out of the use of an automobile, within the definition expounded in Hogle. This is because it is clear that the injuries complained of, which were sustained when Watson crashed the automobile in which Swain and Evans-Swain were passengers, occurred "incident to" the use of an automobile. Accordingly, the motor vehicle exclusion applies, and Allstate does not have a duty to defend or indemnify

either Essiam or Koranteng in the underlying state court actions.[3]  See Martinez, 2012 WL at *7 ("Because all of the [state court plaintiffs'] claims against the Allstate Insureds arise out of the use of Kristy's motor-vehicle and there is clearly a causal relationship between the motor-vehicle accident and [the state court plaintiff's] injuries, the Court concludes that the Allstate has no duty to defend or indemnify the Allstate Insureds in the underlying action").

## V.     CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Summary Judgment (Doc. No. 42) is **GRANTED**.  Defendants Essiam and Koranteng's Motion to Join Co-Defendant's Motion for Summary Judgment (Doc. No. 51) is **GRANTED**.  Defendant Evans-Swain's Motion for Summary Judgment (Doc. No. 45) is **DENIED**.  Defendants Essiam and Koranteng's joint Motion for Summary Judgment (Doc. No. 52) is **DENIED.**

**SO ORDERED**.

Dated at New Haven, Connecticut this 27th day of May 2016.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] Alternatively, Evans-Swain argues that the motor vehicle exclusion does not apply because the word "use" in the exclusion must be interpreted to mean "proper use," and driving while intoxicated can never be considered a "proper use" of a motor vehicle.  See Memorandum of Law in Support of Defendant's Motion for Summary Judgment at 12-22 (Doc. No. 45-1).  Even assuming, arguendo, that this contention was correct, the motor vehicle exclusion would still apply because Swain and Evans-Swain's injuries, in addition to arising out of the "use" of a motor vehicle, also arose out of their "occupancy" of a motor vehicle, which is covered by the exclusion.